**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No.: 5:26-cr-00109-TPB-PRL**

**QUA'DARIUS DAJOHN LAMAR JOHNSON,**

**Defendant,**
______________________________________/

## ORDER

This matter is before the Court on Defendant's motion to order Defendant's release from solitary confinement. (Doc. 28). The Government has filed a response in opposition. (Doc. 33). Upon due consideration, Defendant's motion is due to be denied.

### I. Background

On September 18, 2026, Defendant was arrested on a criminal complaint charging him with four violations of 18 U.S.C. § 841(a)(1). (Doc. 1). The undersigned entered an Order of Temporary Detention. (Doc. 13). Defendant was then booked into the Marion County Jail pursuant to the United States Marshals Service's contract for the housing of federal pretrial detainees.

The Government asserts that, on September 19, 2026, counsel for the Government was advised "by the case agent that a confidential source involved in the investigation had been approached by unknown individuals and threatened the prior evening." (Doc. 33 at 1-2), The Government also asserts that the case agent reviewed phone calls placed by Defendant while at the Marion County Jail and that the agent was concerned with

statements made by Defendant the previous day. (Doc. 33 at 1-2). Due to those concerns, counsel for the Government contacted the United States Marshal Service and requested that Defendant's phone access be restricted. Consequently, Defendant was placed in confinement with a phone restriction.

On September 21, 2026, following a hearing and upon the undersigned's finding that a rebuttable presumption arises under 18 U.S.C. § 3142(e)(3), the undersigned found that no conditions or combination of conditions of release would assure that Defendant would not flee or pose a danger to the safety of another person or the community and ordered Defendant detained. (Doc. 16).

On September 23, 2026, Defendant was charged in a six-count Indictment with five violations of 21 U.S.C. § 841(a)(1) and a single violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 18). Meanwhile, Defendant remains housed in the Marion County Jail.

On November 10, 2026, Defendant filed a motion requesting that the Court enter an order requiring the United States Marshal Service to remove Defendant from solitary confinement, and the Government filed a response in opposition. (Docs. 28 & 33).

## II. Discussion

In his motion, Defendant requests that the Court enter an order requiring the United States Marshal Service to remove Defendant from solitary confinement. Defendant asserts that he has close ties to the community and family members, and that he has no felony convictions. (Doc. 28). Defendant disputes the Government's characterization of his phone statements as being threatening or concerning and argues that solitary confinement is having an adverse impact on his mental health. Without citing any relevant authority, Defendant requests the Court direct "the United States Marshal and/or the Marion County Detention

Center to remove him from solitary confinement unless future cause should arise to justify the jail imposing such a sanction." (Doc. 28).

Simply put, Defendant's argument is unavailing, and it is not within this Court's purview to order the relief Defendant requests. As the Government correctly notes, decisions regarding the placement of pretrial detainees rest not with the Court, but the United States Marshals Service. 18 U.S.C. § 4086 provides that the "United States Marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." Further, 28 CFR 0.111(k) provides that the U.S. Marshals Service is charged with "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence…"

Moreover, Defendant's motion fails to mention any administrative remedies pursued regarding his request for modification of his current conditions of confinement. Under section 1997e(a) of the Prison Litigation Reform Act (PRLA): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). And, as the Government points out, Defendant does not claim that current confinement conditions interfere with his access to counsel or prevent him from assisting his counsel in his defense. To the contrary, Defendant's motion acknowledges that he has access to attorney-client video conference calls scheduled by counsel. (Doc. 28 at 3).

Lastly, as other courts have noted, a defendant seeking to challenge the conditions of his confinement should do so through a civil action rather than a motion in his criminal proceeding. *United States v. Darcy*, 2020 WL 2573251, *4 (W.D. N.C. May 21, 2020) (citing *United States v. Carmichael*, 343 F.3d 756, 760-61 (5th Cir. 2003); *United States v. McConneyhead*, 2 F. App'x 330, 331 (4th Cir. 2001); *United States v. Andrews*, No. 1:12-cr-100, 2014 WL 1379683, at *3 (N.D. W.Va. Apr. 8, 2014).

**III. Conclusion**

For the reasons stated above, Defendant's motion to order Defendant's release from solitary confinement (Doc. 28) is **DENIED**.

**IT IS SO ORDERED** in Ocala, Florida, on November 20, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties